# EXHIBIT A



**Service of Process Transmittal**
04/15/2019
CT Log Number 535290142

| | |
|---|---|
| TO: | Stephanie Youngman<br>Johnson & Johnson<br>1 Johnson and Johnson Plz<br>New Brunswick, NJ 08933-0002 |
| RE: | **Process Served in North Carolina** |
| FOR: | Medical Device Business Services, Inc. (Domestic State: IN) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Richard Krick, Pltf. vs. Medical Device Business Services, Inc., Dft. |
| DOCUMENT(S) SERVED: | Attachment(s), Letter, Summons, Return, Complaint |
| COURT/AGENCY: | Mecklenburg County Superior Court, NC<br>Case # 19CVS004980 |
| NATURE OF ACTION: | Product Liability Litigation - Personal Injury - Artificial Shoulder "Shoulder Implant" |
| ON WHOM PROCESS WAS SERVED: | CT Corporation System, Raleigh, NC |
| DATE AND HOUR OF SERVICE: | By Courier on 04/15/2019 |
| JURISDICTION SERVED: | North Carolina |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service |
| ATTORNEY(S) / SENDER(S): | Jonathan N. Barber<br>Barber Power Law Group, PLLC<br>205 Regency Executive Park Drive #200<br>Charlotte, NC 28217<br>980-202-5679 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 04/15/2019, Expected Purge Date: 04/20/2019<br><br>Image SOP<br><br>Email Notification, RA-JJCUS LDSOP RA-JJCUS-LDSOP@its.jnj.com<br><br>Email Notification, Amy McLaren cls-ctsopsupport@wolterskluwer.com |
| SIGNED:<br>ADDRESS:<br><br>TELEPHONE: | CT Corporation System<br>160 MINE LAKE CT STE 200<br>Raleigh, NC 27615<br>954-473-5503 |

Page 1 of 1 / DS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

ORIGIN ID:PNVA (980) 202-5679
BARBER POWER LAW GROUP
SANDRA SAMPLER
205 REGENCY EXECUTIVE PARK DRIVE
SUITE 200
CHARLOTTE, NC 28217
UNITED STATES US

SHIP DATE: 12APR19
ACTWGT:
CAD: 109441169/INET4100

BILL SENDER

TO
**CT CORPORATION SYSTEM**
**160 MINE LAKE COURT**
**SUITE 200**
**RALEIGH NC 27615**
(980) 202-5679   REF: RK/JB
INV:
PO:                        DEPT:



FedEx Express

**MON - 15 APR 3:00P**
**STANDARD OVERNIGHT**

TRK# 7749 6059 9125
0201

**XH RZZA**

DSR
27615
NC-US  RDU

# FedEx. Shipment Receipt

**Address Information**

**Ship to:**
Select or enter
CT Corporation System
160 Mine Lake Court

Suite 200
RALEIGH, NC
27615
US
9802025679

**Ship from:**
Barber Power Law Group
Sandra Sampler
205 Regency Executive Park
Drive
Suite 200
CHARLOTTE, NC
28217
US
9802025679

**Shipment Information:**
Tracking no.: 774960599125
Ship date: 04/12/2019
Estimated shipping charges: 29.95 USD

**Package Information**
Pricing option: FedEx One Rate
Service type: Standard Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight:
Declared Value: 0.00 USD
Special Services: Direct signature required
Pickup/Drop-off: Use an already scheduled pickup at my location

**Billing Information:**
Bill transportation to: My Account - 121-121
Your reference: RK/JB
P.O. no.:
Invoice no.:
Department no.:

Thank you for shipping online with FedEx ShipManager at fedex.com.

**Please Note**

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.

The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.



**Barber Power Law Group, PLLC**
205 Regency Executive Park Drive, Ste. 200
Charlotte, NC 28217
(o) (980) 202-5679
(f) (980) 283-8062
www.BarberPowerLaw.com

April 12, 2019

CT Corporation System
160 Mine Lake Court, Suite 200
Raleigh, NC 27615

    **Re:**     **Richard Krick v. Medical Device Business Services, Inc.**
    **Case No.:**     **19-CVS-004980**

To Whom it May Concern,

    Please find enclosed a filed Civil Summons and filed Complaint against Medical Device Business Services, Inc.

    If you have any questions, please do not hesitate to contact me.

Best Regards,

*[signature]*

Jack Randolph
*North Carolina State Bar Certified Paralegal*
Barber Power Law Group, PLLC

Enclosures

| STATE OF NORTH CAROLINA | | File No. 19-CVS-004980 |
|---|---|---|
| Mecklenburg County | | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

| **Name Of Plaintiff** |
|---|
| Richard Krick |
| **Address** |
| 68 6th Street W. |
| **City, State, Zip** |
| Nokomis FL 34275 |

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

**VERSUS**

| **Name Of Defendant(s)** | **Date Original Summons Issued** |
|---|---|
| Medical Device Business Services, Inc. | |
| | **Date(s) Subsequent Summons(es) Issued** |

**To Each Of The Defendant(s) Named Below:**

| **Name And Address Of Defendant 1** | **Name And Address Of Defendant 2** |
|---|---|
| Medical Device Business Services, Inc.<br>CT Corporation System<br>160 Mine Lake Court, Suite 200<br>Raleigh NC 27615 | |

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

¡**IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea Inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| **Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff)** | **Date Issued** | **Time** ☐ AM ☒ PM |
|---|---|---|
| Jonathan N. Barber, Esq.<br>Barber Power Law Group, PLLC<br>295 Regency Executive Park Drive, Suite 200<br>Charlotte NC 28217 | **Signature** | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | **Date Of Endorsement** | **Time** ☐ AM ☐ PM |
|---|---|---|
| | **Signature** | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|---|
| | | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

| NORTH CAROLINA | IN THE GENERAL COURT OF JUSTICE |
| MECKLENBURG COUNTY | SUPERIOR COURT DIVISION |
| | 19-CVS-_____ |

RICHARD KRICK,

    Plaintiff,

v.

MEDICAL DEVICE BUSINESS SERVICES, INC.,

    Defendant.

**COMPLAINT**

NOW COMES Plaintiff, Richard Krick ("Plaintiff"), by and through his undersigned counsel, who hereby sues Medical Device Business Services, Inc. ("Defendant") and alleges and says as follows:

## THE PARTIES

1. Plaintiff is a citizen and resident of Florida and it a "claimant" as that term is defined in N.C. Gen. Stat. § 99B-1.

2. Defendant is a corporation formed under the laws of the State of Indiana with its principal place of business located at 700 Orthopaedic Drive, Warsaw, Indiana 46581. Defendant has previously operated under the names "Depuy Orthopedics, Inc.," "Depuy Orthopaedics, Inc." and "Depuy Inc." in the State of North Carolina. Defendant is a "manufacturer" as that term is defined in N.C. Gen. Stat. § 99B-1.

## JURISDICTION AND VENUE

3. Defendant operates and sells products throughout the United States.

4. This Court has *in personam* jurisdiction over this action pursuant to N.C. Gen. Stat. § 1-75.4, *et. seq.*

5. This Court has jurisdiction over the subject matter of this action pursuant to N.C. Gen. Stat. § 7A-240 and § 7A-243 because this action involves a justiciable matter of a civil nature and the amount in controversy exceeds the requisite sum or value of $25,000.00, exclusive of interest and costs.

6. Venue of this action in this county and division is proper under and by virtue of N.C. Gen. Stat. § 1-82.

## FACTS

7. On February 2, 2016, Plaintiff had an artificial shoulder (the "shoulder implant"), designed, produced, sold and distributed by Defendant, installed via a reverse shoulder replacement operation at Novant Hospital in Rowan County, North Carolina.

8. The shoulder implant is identified as Part #DPT5200290-009.

9. There were numerous issues with the shoulder implant that required medical intervention, manipulation, and physical therapy.

10. The area around the shoulder implant became infected, and the infection did not clear after over six weeks of treatment.

11. Plaintiff's doctors determined the shoulder implant needed to be removed, and it was, in fact, removed on August 23, 2016.

12. When the shoulder implant was removed, a spacer was placed in Plaintiff's shoulder socket and a biopsy of the tissue surrounding the area where the shoulder implant had been was performed.

13. The biopsy revealed foreign fibers, including metal, in Plaintiff's shoulder-area tissue.

14. After several additional rounds of antibiotics, Plaintiff's infection cleared and he had a new artificial shoulder installed on December 9, 2016.

15. Plaintiff suffered severe pain throughout much of 2016, due entirely to the infection from Defendant's faulty shoulder implant.

16. Plaintiff, through the undersigned counsel, made a demand for compensation from Defendant.

17. Defendant requested the shoulder implant for examination and requested all of Plaintiff's medical records for an evaluation of liability.

18. Defendant has been in possession of Plaintiff's shoulder implant and medical records since November 15, 2017. The delivery was signed for by "B. Benzing."

19. Over the last year and a half, Plaintiff's counsel has been in constant communication with Defendant's representatives about their evaluation of the shoulder implant and Plaintiff's medical records, but Defendant has failed to make such determination.

## COUNT I
## NEGLIGENCE

20. Plaintiff re-alleges and re-avers paragraphs 1 through 19 above, which are incorporated by reference as if fully set forth herein.

21. Plaintiff has suffered injuries as a result of the Defendant's defective shoulder implant.

22. Defendant negligently produced, designed, manufactured, advertised, distributed and otherwise introduced into the stream of commerce an artificial shoulder which was unsuitable for the ordinary uses for which it was intended.

23. Defendant negligently designed the artificial shoulder in that Defendant unreasonably failed to adopt a safer, practical, feasible, and otherwise reasonable alternative design that could then have been reasonably adopted, and that would have prevented or substantially reduced the risk of harm without substantially impairing the usefulness, practicality, or desirability of the artificial shoulder.

24. As a direct and proximate cause of the negligence of Defendant, Plaintiff suffered painful injuries and is entitled to recover damages in an amount in excess of $25,000.

## COUNT II
## BREACH OF THE IMPLIED WARRANTY OF MERCHANTABILITY

25. Plaintiff re-alleges and re-avers paragraphs 1 through 24 above, which are incorporated by reference as if fully set forth herein.

26. Defendant impliedly warranted and represented that the shoulder implant was of merchantable quality and was reasonably fit for the purposes for which the shoulder implant was intended.

27. Plaintiff reasonably relied upon Defendant's implied warranty of merchantability.

28. The shoulder implant was not of merchantable quality, but instead was defective.

29. This defective condition constituted a breach of the implied warranty of merchantability. Defendant also breached its implied warranty of merchantability by its failure to provide proper and adequate warnings.

30. As a direct and proximate result of the Defendant's breach of the implied warranty of merchantability, Plaintiff suffered painful injuries and is entitled to recover damages in an amount in excess of $25,000.

## CONCLUSION

WHEREFORE, Plaintiff prays the Court that:

1. He recover judgment against Defendant in an amount in excess of $25,000;

2. He recover the costs and expenses of this action from Defendant; and

3. He recover any further relief that the Court deems appropriate.

Plaintiff demands a jury trial.

This 4th day of March, 2019.

BARBER POWER LAW GROUP, PLLC

*/s/ Jonathan N. Barber*

Jonathan N. Barber, Esq.
N.C. Bar No. 49065
jbarber@barberpowerlaw.com
Barber Power Law Group, PLLC
205 Regency Executive Park Drive #200
Charlotte, North Carolina 28217
Phone: (980) 202-5679
*Counsel for Richard Krick*